IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS- EASTERN DIVISION

| | |
|---|---|
| JOHNNY BROWNLEE, ) | |
| ) | Case Number: |
| **Plaintiff,** ) | |
| ) | Judge: |
| v. ) | |
| ) | Magistrate Judge: |
| THE AUTO EXCHANGE INC., and ) | |
| LARRY FENZAU ) | JURY DEMAND |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

Plaintiff Johnny Brownlee ("Brownlee"), through his attorneys, the Community Activism Law Alliance, complains against Defendants The Auto Exchange Inc. and Larry Fenzau (collectively, "Defendants") as follows.

## NATURE OF THE ACTION

1. Defendants operate two car dealerships in Cook County, Illinois. Defendants employed the Plaintiff as a porter at one of these dealerships. Defendants willfully failed to pay Plaintiff minimum wage for hours that he worked, willfully failed to pay time-and-a-half for hours worked in excess of forty in a workweek, and wrongfully terminated Plaintiff in retaliation for his attempt to assert federal and state employment rights.

2. Plaintiff brings this action against Defendants to recover unpaid wages, unpaid overtime premium pay, interest, statutory penalties, liquidated damages, back pay, costs, attorneys' fees, and all other relief that the Court deems appropriate.

## JURISDICTION

3. The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant

to 28 U.S.C. § 1367.

## VENUE

4.     Venue is proper in this Court because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district, and Defendant's place of business is in this judicial district. *See* 28 U.S.C. § 1391(b).

## PARTIES

5.     Brownlee lives in Harvey, Illinois. In approximately February 2014, Brownlee began working for Defendants as a porter. His duties included picking up cars from auctions, performing clerical tasks at the dealership, and various other duties.

6.     The Auto Exchange Inc. ("Auto Exchange") is an Illinois corporation that operates two car dealerships in Cook County, Illinois: a car dealership called "The Auto Exchange," located at 15859 Dixie Highway, Harvey, IL 60426, and a car dealership called "Route 6 Auto Max," located at 2920 W 159th Street, Markham, IL 60428. Auto Exchange supervised Brownlee in the performance of his job duties and made decisions about his pay and overtime compensation.

7.     Larry Fenzau ("Fenzau") is the President of The Auto Exchange Inc. corporation. Fenzau oversees operation of the day-to-day activities at The Auto Exchange and Route 6 Auto Max car dealerships. Fenzau had a right to control Brownlee's work and made the ultimate decisions concerning employee pay and made decisions about his pay and overtime compensation.

## EMPLOYER AND ENTERPRISE STATUS

8.     During relevant times, Defendants constituted an "enterprise" as that term is defined in the FLSA because it performed related activities (either through unified operation or common control) for a common business purpose – namely, operating two car dealerships.

9.     During relevant times, Defendants' annual gross revenue exceeded $500,000 in

annual sales or business.

10. During relevant times, Defendants were engaged in interstate commerce. Plaintiff directly engaged in interstate commerce as a part of his job duties.

11. During relevant times, Brownlee was an employee of Auto Exchange and an employee of Fenzau within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203 and the Illinois Wage Payment and Collection Act, 820 ILCS 115.

## FACTUAL ALLEGATIONS

12. In approximately February 2014, Brownlee began working for Defendants at The Auto Exchange car dealership located on Dixie Highway. Brownlee's title was "porter." His duties included picking up cars from auction, performing clerical tasks around the office, and various other duties. He did not sell cars, and he did not perform mechanical work on cars.

13. Brownlee reported directly to Auto Exchange manager John Van Landingham ("Van Landingham"). Van Landingham reported directly to Fenzau. Fenzau had a right to control both Van Landingham and Brownlee's work. Fenzau made the ultimate decisions concerning employee pay and employee termination.

14. Brownlee was paid hourly for his work at $8.25 an hour.

15. Brownlee's work hours were recorded by hand each day by Van Landingham.

16. On multiple occasions, Brownlee requested that he be permitted to track his own hours, for instance by punching in and out on a timecard. Defendants denied these requests.

17. In approximately June 2014, Brownlee began contemporaneously recording the hours he worked himself using an application on his cell phone.

18. Defendants issued Brownlee a paystub each week that ostensibly showed the total amount of hours Brownlee had worked that week.

**Unpaid Wages and Break Law Violations**

19. For many weeks between February 2014 and January 2016, Brownlee's weekly paystub reflected fewer hours than he actually worked.

20. In these weeks, Brownlee was paid less than minimum wage for the hours he worked.

21. On several occasions, Brownlee complained to Van Landingham that he was not being paid for all of the hours he worked. Brownlee also attempted to complain about the underpayment to Fenzau.

22. Beginning in 2015, Brownlee often worked up to nine-and-a-half hour continuous shifts without being afforded a meal break. Defendants instructed Brownlee to remain on site and answer the phones during the time period that they considered to be his "lunch break." Brownlee was not paid for this time.

**Unpaid Overtime**

23. For many weeks between February 2014 and January 2016, Brownlee worked more than forty hours in a workweek.

24. Beginning in March of 2014, Brownlee was not paid a time-and-a-half rate for hours worked in excess of forty in a workweek.

25. Many of the paystubs that Defendants issued to Brownlee during this period listed the hours he worked in that workweek at more than forty. These paystubs listed the hours in excess of forty as "Reg. Hr." rather than "O.T. Hr." Brownlee was paid at his normal rate of $8.25 per hour for the hours worked in excess of forty.

**Retaliatory Discharge**

26. On January 4, 2016, Brownlee sent, through counsel, a letter to Defendants that

complained of these workplace violations and requested compensation. The letter cited and sought to enforce rights under the Fair Labor Standards Act, the Illinois Wage Payment and Collections Act, and Title VII of the Civil Rights Act, among other state and federal laws.

27. On January 7, 2016, Brownlee was called into Van Landingham's office. Van Landingham asked Brownlee to sign a form stating that he had arrived late for work one day the previous week. Brownlee had not arrived late the morning in question. He refused to sign the form. Defendants then terminated Brownlee.

28. On January 20, 2016, Fenzau contacted Brownlee and offered Brownlee reinstatement, which Brownlee accepted. Brownlee returned to work on January 22, 2016.

29. On February 15, 2016, Fenzau terminated Brownlee again. Fenzau again cited pretextual reasons for the termination.

30. On February 18, 2016, Brownlee began a new job at Addus HomeCare. It is a part-time job, and it affords far fewer hours than his previous job at Auto Exchange.

31. Brownlee continues to search diligently for work that provides pay equal to or above that of his previous pay at Auto Exchange.

## COUNT I
## Fair Labor Standards Act – Failure to Pay Minimum Wage

32. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

33. Defendants willfully refused to pay Plaintiff the federal or Illinois minimum wage for all hours worked in a workweek as required by the Fair Labor Standards Act, 29 U.S.C. § 207(a).

34. Plaintiff was an hourly, non-exempt employee under the FLSA.

**Prayer for Relief**

Plaintiff asks the Court to enter judgment against Defendants and issue an order:

a. Entering judgment in the amount of all unpaid minimum wages due and owing to the Plaintiff as well as all applicable liquidated damages;

b. Declaring that Defendants' conduct violated the FLSA;

c. Awarding Plaintiff his reasonable attorneys' fees and costs of this action;

d. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

e. Awarding such other and further relief as this Court deems appropriate and just.

**COUNT II**

**Illinois Wage Payment and Collection Act Violation**

35. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

36. Defendants did not pay Plaintiff for all hours worked in the course of his employment in violation of 820 ILCS 115.

**Prayer for Relief**

Plaintiffs ask the court to enter judgment against Defendants and issue an order:

a. Entering judgment in the amount of all unpaid wages due and owing to the Plaintiff;

b. Declaring that the actions complained of herein violate 820 ILCS 115;

c. Awarding penalties in the amount of 2% of all unpaid or late wages for each month the unpaid or late wages remained delinquent, as contemplated by 820 ILCS 115/14;

d. Awarding Plaintiff his reasonable attorneys' fees and costs;

e. Awarding such other relief as this Court deems just and proper.

## COUNT III
### Fair Labor Standards Act – Unpaid Overtime

37. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

38. Defendants refused to pay Plaintiff overtime premium pay at a rate of not less than one-and-a-half times his regular rate of pay for all hours worked in excess of forty in any workweek, as required by the FLSA, 29 U.S.C. § 207(a).

39. Defendant's violations were willful.

40. Plaintiff was an hourly, non-exempt employee under the FLSA.

### Prayer for Relief

Plaintiff asks the Court to enter judgment against Defendants and issue an order:

a. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiff as well as all applicable liquidated damages;

b. Declaring that Defendants' conduct violated the FLSA;

c. Awarding Plaintiff his reasonable attorneys' fees and costs of this action;

d. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

e. Awarding such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Retaliatory Discharge

41. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

42. Defendants terminated Plaintiff's employment in retaliation for his attempt to assert rights under the Fair Labor Standards Act and the Illinois Wage Payment and Collections Act.

43. Because Defendants terminated Plaintiff, Plaintiff did not receive any income from

January 7, 2016 to January 22, 2016.

44. Because Defendants terminated Plaintiff again, Plaintiff now earns significantly less income at his new job.

### **Prayer for Relief**

Plaintiffs ask the Court to enter judgment against Defendant and issue an order:

a. Entering judgment in the amount of all wages Plaintiff would have earned had he not been terminated by the Defendants;

b. Declaring that Defendants' conduct violated the anti-retaliation provisions of the Fair Labor Standards Act and the Illinois Wage Payment and Collections Act.

c. Awarding Plaintiffs his reasonable attorneys' fees and costs;

d. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

e. Awarding such other and further relief as this Court deems appropriate and just.

### **JURY DEMAND**

Plaintiff demands trial by jury on all issues as to which a jury trial is available.

Dated: February 22, 2015

                                                                Respectfully submitted,

                                                                /s/ Lam Nguyen Ho_____
                                                                 One of the Attorneys for Plaintiff

Lam Nguyen Ho (Illinois Bar # 6296745)
Chad Baker (Illinois Bar # 6320250)
COMMUNITY ACTIVISM LAW ALLIANCE
332 S Michigan Ave, Suite 1032-C297
Chicago, Illinois 60604
773-888-1404
312-999-0056 (fax)
Attorneys for Plaintiffs